IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 116-035 |
| | ) | |
| GLENN DOUGLAS TUTT | ) | |

**O R D E R**

Before the Court are the various pre-trial discovery motions filed by Defendant. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. Indeed, Defendant identifies no outstanding inadequacies in the discovery provided by the government to date, and the government states that it has furnished Defendant with the investigative reports, scientific reports (if any), and other documents which are material to the case, excepting attorney and agent work product. (Doc. no. 24, p. 1.) All known statements by Defendant, as well as his criminal record, have also been provided. (Id. at 2.)

To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

**MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL**

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). Yet because the government does not oppose the motion and early disclosure of Jencks Act material will avoid unnecessary delay and inconvenience to the Court and jury, the government is **INSTRUCTED** to provide Jencks Act material fourteen days prior to trial. (Doc. no. 14.)

**MOTIONS FOR DISCLOSURE OF NAMES AND CRIMINAL RECORDS OF WITNESSES**

Defendant requests that the government be ordered to furnish the names and criminal records of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than fourteen days prior to trial. Therefore, the Court **DENIES** the motion for a witness list. (Doc. no. 15.) However, as a practical matter, it would appear that Defendant will be

receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963).

The Court next turns to the request for the disclosure of prior criminal conduct and uncharged bad acts of witnesses. The Confrontation Clause guarantees defendants an opportunity to impeach the testimony of prosecution witnesses through cross examination. United States v. Maxwell, 579 F.3d 1282, 1295-96 (11th Cir. 2009); United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). However, this right is not unlimited. Although Federal Rule of Evidence 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are probative of the witness's truthfulness or untruthfulness," such as forgery, bribery, misrepresentation, fraud, perjury, receipt of stolen property, robbery, and theft. 4-608 Weinstein's Federal Evidence § 608.22. Moreover, the government has stated its intent to provide, one week prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Federal Rule of Evidence 609. (Doc. no. 24, p. 1.) Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, the Court **DENIES** Defendant's request for disclosure of prior crimes of witnesses. (Doc. no. 18.)

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant seeks notice of the government's intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). This motion is **MOOT** (doc. no. 16) because the Court, in its Arraignment Order, directed the government to provide such notice in accordance with the Local Rules.

## MOTION TO PROVIDE TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Defendant moves to disclose grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of the secrecy surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976); see also United States v. Aisenberg, 358 F.3d 1327, 1348-49 (11th Cir. 2004) (recognizing requirement for showing of "particularized need" to obtain disclosure of protected grand jury materials; United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (same). Because Defendant has not attempted to show a particularized need for these records, the Court **DENIES** the motion for disclosure of grand jury proceedings. (Doc. no. 17.)

The Court notes, however, that Defendant's request may well be moot in light of the government's statement that it intends to provide the grand jury transcript one week prior to trial. (Doc. no. 24, p. 1.) To the extent information in the grand jury transcript constitutes

4

Jencks Act material, the government shall, as instructed *supra*, provide such information fourteen days prior to trial.

**MOTION FOR ACCESS TO PROSPECTIVE GOVERNMENT WITNESSES**

Defendant seeks access to prospective government witnesses for the purpose of interviewing such witnesses within a reasonable time prior to trial. (Doc. no. 19.) Although the government is not required to make its witnesses available, neither may it interfere with defense counsel's right to interview prospective witnesses. United States v. Manor, 936 F.2d 1238, 1242 (11th Cir. 1991); United States v. Pepe, 747 F.2d 632, 654 (11th Cir. 1984). However, a government witness may refuse to be interviewed by defense counsel. United States v. Bennett, 928 F.2d 1548, 1553-54 (11th Cir. 1991) (citing United States v. Brown, 555 F.2d 407, 425 (5th Cir. 1977) and United States v. Benson, 495 F.2d 475, 479 (5th Cir. 1974)). Recognizing that the government does not "control" its witnesses and does not oppose defense counsel's contact with witnesses, the Court **GRANTS** the motion to interview as to any witness who chooses to speak with defense counsel prior to trial.

To the extent Defendant also references identification of confidential informants in his motion, the government intends to disclose, one week prior to trial, the identity of any informant used in the case, and if any such informant is to testify at trial, the government will provide the witness-informant's criminal history and relevant materials under Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 24, p. 1.) In any event, the government states it is unaware of any informants or witnesses within its control which defense counsel cannot attempt to interview. (Id. at 4.)

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 20.) To some extent, Defendant's requests exceed the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). The Court **GRANTS** the motion to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known. The government must disclose impeaching information not less than fourteen days prior to trial.

## MOTION TO WITHDRAW MOTION TO SUPPRESS

Defendant moves to withdraw his preliminary motion to suppress. The Court **GRANTS** the motion, (doc. no. 25), and **DIRECTS** the Clerk to **TERMINATE** the motion to suppress from the motions report (doc. no. 21).

SO ORDERED this 27th day of July, 2016, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA